NORTHERN INDIANA PUBLIC
SERVICE COMPANY,
Appellant,

v.

Charmaine R. MINNIEFIELD Individually and as mother and next friend for Rayven Minniefield–Bryant, and Cienna Minniefield, minors; Denice Woodson; and John S. Bloom as Personal Representative of the Estate of Fred J. Zurbrick, deceased, Appellees.

No. 02A04–0309–CV–475.

Supreme Court of Indiana.

Jan. 28, 2005.

*ORDER*

This matter is pending before the Court on a Petition To Transfer filed by Appellant Northern Indiana Public Service Company ("NIPSCO") on November 24, 2004. On December 16, 2004, Appellee Bloom ("Bloom") filed his Response to Appellant's Petition To Transfer, and on December 17, 2004, Appellees Minniefield and Woodson ("Minniefield and Woodson") filed their Response to Appellant's Petition to Transfer. On December 30, 2004, NIPSCO filed its Reply to Bloom's Response and filed a "Motion To Strike The Brief Of 'Appellees' Charmaine R. Minnifield, Rayven Minnefield–Bryant and Deniece Woodson In Response To Petition To Transfer." On January 10, 2005, Minniefield and Woodson filed their "Memorandum In Opposition" to NIPSCO's Motion.

NIPSCO asks the Court to strike the Response of Minniefield and Woodson because, NIPSCO argues, they are not "real parties in interest" and did not participate in the appeal when it was before the Court of Appeals. However, Ind. Appellate Rule 17(A) definitively states in relevant part, "A party of record in the trial court ... shall be a party on appeal," and it is undisputed that Minniefield and Woodson were parties in the litigation before the trial court. Further, nothing in the Indiana Rules of Appellate Procedure precludes an appellee who did not file a brief before the Court of Appeals from seeking or responding to a Petition To Transfer following the Court of Appeals' ruling in the case. Rather, an appellee who does not file a Brief Of Appellee merely risks reversal of the trial court on a showing by the appellant of *prima facie* error, Ind. Appellate Rule 45(D). An appellee could assess the possibility of a showing of *prima facie* error so low as to not be worth the additional time, costs, and legal expenses involved in filing a brief. That same appellee, however, would have every interest in defending a favorable Court of Appeals' decision if the appellant thereafter sought transfer of jurisdiction to this Court.

Further, when, as here, the appeal involves two appellees, one appellee could reasonably decide the other appellee's brief adequately addresses the issues such that an additional brief is unnecessary, but subsequently determine that the other appellee's Response to the appellant's Petition To Transfer is incomplete and in need of supplementation. Our desire to limit redundant argument and reduce the amount of paper flowing into our Court would be stymied were we to hold that an appellee, to preserve his right to file a Response to a Petition To Transfer, must file a brief before the Court of Appeals.

Finally, NIPSCO's contention that Minniefield and Wooden "were not even appellees in [the] proceedings [before the Court of Appeals]" is belied by the fact that the "Appellant's Case Summary," drafted by NIPSCO, specifically lists both Minniefield and Wooden as "appellees" and their counsel as "counsel of record."

Accordingly, for the foregoing reasons, the Appellant's "Motion To Strike The Brief Of 'Appellees' Charmaine R. Minnifield, Rayven Minnefield–Bryant and Deniece Woodson In Response To Petition To Transfer" is hereby DENIED.

### ORDER

On January 28, 2005, we issued an order denying the Appellant's "Motion To Strike The Brief Of 'Appellees' Charmaine R. Minnifield, Rayven Minnefield–Bryant and Deniece Woodson In Response To Petition To Transfer" (hereinafter "Appellant's Motion To Strike"). On February 15, 2005, Appellees Chairmaine Minniefield, Rayven Minniefield–Bryant, Cienna Minniefield and Deniece Woodson filed a motion with this Court asking us to publish our January 28th order, contending it was "significant" and would "assist the Indiana Bar and Judiciary in the future administration of the [a]ppella[te] docket in clarifying for the parties on appeal [their] rights, duties and obligations with regard to submission of briefs."

Upon further consideration of our January 28th order and the points raised in the Appellees' motion, we find our January 28, 2005 order denying Appellant's Motion To Strike should be published. Accordingly, West Publishing Company is directed to publish our January 28, 2005 order denying the Appellant's Motion To Strike in the advance sheets and bound volumes of this Court's decisions.